Hernandez-Ochoa v. Bondi

BIA
Prieto, IJ
A208 455 964/965

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-five.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

LINDA MARIA HERNANDEZ-OCHOA,
A.G.H.-H.,
> *Petitioners,*

> v.                                                    **23-7354**
>                                                        **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**             Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Zoe J. Heller, Michael C. Heyse, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Linda Maria Hernandez-Ochoa and her minor son are natives and citizens of El Salvador seeking review of a September 12, 2023 decision of the BIA affirming an August 27, 2019 decision of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Linda Maria Hernandez-Ochoa*, Nos. A 208 455 964/965 (B.I.A. Sept. 12, 2023), *aff'g*, No. A 208 455 964/965 (Immigr. Ct. N.Y.C. Aug. 27, 2019).  We assume the parties' familiarity with the underlying facts and procedural history. _

We have considered the IJ's decision as supplemented and modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review factual findings for substantial evidence and questions of law de novo.  *See Yanqin Weng v. Holder*, 562

2

F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must establish past persecution or a fear of future persecution and a nexus between that persecution and "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). Applying these standards, the BIA affirmed the IJ's denial of asylum and withholding of removal because Hernandez-Ochoa failed to establish past persecution or a well-founded fear of future harm from which the government is unable or unwilling to protect her.

As to past persecution, Hernandez-Ochoa briefly states that the agency erred, but does not specify the nature of the error. She repeats her testimony that a gang member harassed, followed, and threatened her, but she does not explain

3

how that harm rises to the level of persecution. "[U]nfulfilled threats alone generally do not rise to the level of persecution" absent "objective evidence that the threat was so imminent or concrete, or so menacing as itself to cause actual suffering or harm." *Id.* at 328 (internal quotation marks and citations omitted). Given the nature of the threat here, the BIA did not err in finding Hernandez-Ochoa has failed to demonstrate past persecution.

We next address the BIA's finding that Hernandez-Ochoa lacked a well-founded fear of future persecution. Substantial evidence supports the BIA's finding that Hernandez-Ochoa failed to establish a well-founded fear of future persecution. As to her fear of her past harasser, the BIA correctly noted that there is no indication the individual has looked for Hernandez-Ochoa or would seek her out upon her return. Moreover, the record reveals that her more generalized fear of gang violence and delinquency is largely speculative, as Hernandez-Ochoa is unsure she was targeted by a member of a gang in the first place. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [a] fear is speculative at best.").

These grounds are dispositive of asylum and withholding of removal, so we do not reach Hernandez-Ochoa's other arguments. *See INS v. Bagamasbad*, 429

4

U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, a CAT applicant has the burden to show she will "more likely than not" be tortured by or with the acquiescence of government officials acting in an official capacity. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021). When determining the likelihood of future torture, the agency considers, inter alia, "[e]vidence of past torture," the ability to relocate within the country of removal, "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). As the agency found, Hernandez-Ochoa was threatened but not physically harmed, and thus did not suffer past torture. *See KC v. Garland*, 108 F.4th 130, 135–37 (2d Cir. 2024) (holding that unfulfilled threats generally do not constitute persecution); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). While the record reflects political violence, gang violence, and crime, it does not establish, as a CAT claimant must, "that someone in [Hernandez-Ochoa's] particular alleged circumstances is more

5

likely than not to be tortured[.]" *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis and quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court